1  LAURENCE PARADIS (STATE BAR NO. 122336)
   Disability Rights Advocates
2  2001 Center Street, Third Floor
   Berkeley, California 94704-1204
3  Telephone:  (510) 665-8644
   Facsimile:  (510) 665-8511
4  TTY:        (510) 665-8716
   Email:      general@dralegal.org

5

6

7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9                              E-filing

10                                                    EDL

11

12  LORI GRAY, and ANN SIECK on behalf of     CV 08    0722
    themselves and all others similarly situated,

13            Plaintiffs,

14       v.

15  GOLDEN GATE NATIONAL                      COMPLAINT FOR VIOLATION OF
    RECREATIONAL AREA, BRIAN O'NEILL,         CIVIL RIGHTS: SECTION 504 OF THE
16  General Superintendent of Golden Gate     REHABILITATION ACT OF 1973
    National Recreation Area, in his official
17  capacity, NATIONAL PARK SERVICE, and
    MARY BOMAR, Director of the National
18  Park Service, in her official capacity,

19            Defendants.

20

21

22

23

24

25

26

27

28

# INTRODUCTION

Plaintiffs complain of Defendants herein and allege that:

1. This lawsuit is brought against Defendants NATIONAL PARK SERVICE ("NPS"), GOLDEN GATE NATIONAL RECREATIONAL AREA ("GGNRA"), MARY BOMAR, Director of NPS, in her official capacity, and BRIAN O'NEILL, General Superintendent of GGNRA, in his official capacity (collectively "Defendants"), who own, operate, maintain and/ or control GGNRA. This case arises out of Defendants' systemic pattern and practice of discrimination against Plaintiffs who are people with physical disabilities through Defendants' failure to provide the minimum legally required access to GGNRA.

2. GGNRA is the largest national park unit in an urban area in the United States and is one of the most visited NPS units, with over 13 million visitors a year. It contains approximately 75,000 acres of land and water, which is equivalent to two-and-a-half times the size of the consolidated city and county of San Francisco. The park is not one continuous locale, but rather a collection of areas that stretch from northern San Mateo County to southern Marin County, and includes several parts of San Francisco. The park is as diverse as it is expansive; it contains famous tourist attractions including but not limited to Muir Woods, Marin Headlands, Alcatraz, Stinson Beach and the Cliff House. GGNRA is also home to 1,273 plant and animal species, encompasses 59 miles of bay and ocean shoreline, and has military fortifications that span centuries of California history from the Spanish conquistadors to Cold War-era Nike missile sites. This system of parks and historic buildings is hereafter referred to as "GGNRA facilities".

3. Throughout GGNRA facilities, Defendants have systemically discriminated against Plaintiffs on the basis of their disabilities by failing to provide adequate accommodations for people with physical disabilities. For example, Defendants have failed to provide adequate programmatic access to trails for people with mobility disabilities. Trails provide a wide variety

*Gray. et. al, v. Golden Gate National Recreational Area, et. al.*
Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

1

of experiences to the visitor, from vistas to significant natural, cultural and educational experiences. These routes are integral to the many programs and facilities within GGNRA parks, yet people with disabilities are unable to fully participate in the outdoor experience due to Defendants' failure to provide program access to its trails. As a result of Defendants' failure to provide these and other accommodations for people with disabilities, such persons have been and are being denied their rights to access at GGNRA facilities.

4.   Defendants also discriminate against Plaintiffs by failing to provide adequate accommodations for people with vision disabilities at GGNRA facilities. For example, Defendants have routinely and repeatedly failed to provide signage, paths of travel, displays, exhibits, publications and other information systems that are accessible to people with vision disabilities. As a result of Defendants' failure to provide these and other accommodations for people with vision disabilities, such persons have been and are being denied their rights to access at GGNRA facilities.

5.   GGNRA facilities constitute key public programs, services and activities provided for the benefit of residents and visitors to California. By refusing to provide access to these fundamental public programs, services and activities, Defendants discriminate against persons with disabilities in violation of Section 504 of the Rehabilitation Act.

6.   For many decades, GGNRA has been required to identify and remedy access barriers of the type described above but has failed and refused to meet this obligation. For over a year, Plaintiffs, through their counsel, have tried to resolve these issues through negotiations with GGNRA. Despite these efforts, the parties have been unable to reach an agreement on a plan of action to ensure programmatic access to all programs, services, and activities in GGNRA. This lawsuit seeks to put an end to this ongoing discrimination by requiring Defendants to meet their obligation to provide program access to people with physical disabilities.

**JURISDICTION**

---

*Gray. et. al, v. Golden Gate National Recreational Area, et. al.*
Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

2

7. This is an action for declaratory and injunctive relief brought pursuant to Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1342 and 1343 for claims arising out of Section 504.

8. This Court has jurisdiction to issue injunctive relief and a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

9. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the District in which this complaint is filed, because Defendant GGNRA owns and maintains non-compliant facilities within the Northern District of California, and the acts and omissions giving rise to this claim have occurred within the Northern District of California.

## PARTIES

10. Plaintiffs are individuals with disabilities, including mobility and vision disabilities, who have been denied access to GGNRA due to Defendants' failure and refusal to provide the necessary accommodations to make GGNRA services, programs, and activities accessible.

11. Plaintiff LORI GRAY, who is blind and uses a motorized wheelchair, is a resident of Berkeley, California. She is a person with a disability under all applicable statutes. She has visited, or tried to visit, numerous GGNRA facilities, including but not limited to, Muir Woods, Marin Headlands, and Crissy Field. At each of these facilities, she has experienced barriers, such as inaccessible trails and a lack of information in alternative formats, which have impeded her ability to fully enjoy GGNRA facilities.

12. Plaintiff ANN SIECK, who uses a motorized wheelchair, is a resident of Berkeley, California. She is a person with a disability under all applicable statutes. She has visited, or tried to visit, numerous GGNRA facilities, including but not limited to, Muir Woods

*Gray. et. al, v. Golden Gate National Recreational Area, et. al.*
Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

3

and Marin Headlands. At each of these facilities, she has experienced barriers, such as inaccessible trails, which have impeded her ability to fully enjoy GGNRA facilities.

13. Defendants NATIONAL PARK SERVICE, GOLDEN GATE NATIONAL RECREATION AREA, MARY BOMAR, and BRIAN O'NEILL own, operate, maintain and/ or control the GGNRA facilities that fail to provide adequate accommodations to people with physical disabilities.

14. Defendant NATIONAL PARK SERVICE ("NPS") is the United States federal agency responsible for regulating the use of all national parks, including GGNRA. NPS is a bureau within the Unites States Department of Interior.

15. Defendant MARY BOMAR is the Director of NPS and is sued in her official capacity.

16. Defendant GOLDEN GATE NATIONAL RECREATION AREA ("GGNRA") is a federal recreation area administered by the National Park Service. The park operates under Department of Interior and National Park Service policies and guidelines.

17. Defendant BRIAN O'NEILL is the General Superintendent of GGNRA and is sued in his official capacity.

**FACTUAL ALLEGATIONS**

18. Plaintiffs have been denied access to GGNRA facilities due to Defendants' failure and refusal to provide the necessary accommodations to make GGNRA programs, activities, and services accessible to people with physical disabilities.

19. Defendants have failed to prepare and implement a comprehensive plan to create access to GGNRA facilities, programs and services. Defendants have failed to prepare and implement a plan that assesses barriers and have failed to provide a process to remedy access barriers in such a way that ensures that Defendants' programs, services, and activities when viewed in their entirety are readily accessible to and usable by people with physical disabilities.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Gray. et. al, v. Golden Gate National Recreational Area, et. al.*
Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

4

1 The facilities at issue include park entrances, parking areas, paths of travel, restrooms, telephones, drinking fountains, signage, historic facilities, visitors centers, and trails. The programs, services and activities at issue include: hiking, bicycling, boating, exhibits/interpretive programs, camping, fishing, hiking, horseback riding, and picnicking. Defendants have also failed to make information regarding accessibility on their website in an accessible form. Federal law requires that public entities create and implement comprehensive plans addressing programs, services and activities for all existing facilities. 42 U.S.C. §§12101, *et seq.* Such a plan must include a schedule for providing access to programs, services, and activities as described above. Defendants' failure to prepare and implement a comprehensive plan relating to and ensuring program access to its programs, services and facilities denies persons with physical disabilities their civil rights to program access at GGNRA.

20. Defendants have failed and are failing to provide programmatic access to such facilities, programs, services and activities. As a result, Plaintiffs have been and are being denied their civil rights to access at GGNRA facilities.

21. Defendants have failed and are failing to provide program access to its trails so that people with physical disabilities can fully participate in the outdoor experiences offered at GGNRA facilities. Many trails currently contain excessive grades and cross-slopes, unstable surfaces, uneven surfaces, as well as other obstacles such as gates, rocks, roots and logs. As a result of Defendants' failure to provide these and other accommodations for people with physical disabilities, such persons have been and are being denied their civil rights to programmatic access at GGNRA facilities.

22. Defendants have failed and are failing to provide program access to GGNRA's educational exhibits and informational materials so that people with vision disabilities can fully participate in the experiences at GGNRA facilities. Educational trails and interpretive exhibits throughout GGNRA facilities contain a series of informational panels, signs and/or printed

*Gray. et. al, v. Golden Gate National Recreational Area, et. al.*
Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

5

brochures that are inaccessible to individuals with vision disabilities. For example, such materials frequently fail to provide distinctive tactile surfaces that call attention to informational panels, displays or signs; raised Arabic numerals and symbols for identification; and related guides and assistive devices. Defendants also fail to provide informational materials, such as maps, in alternative formats. As a result of Defendants' failure to provide these and other accommodations for people with vision disabilities, such persons have been and are being denied their civil rights to programmatic access at GGNRA facilities.

23.    Defendants have failed and are failing to provide detailed summaries of accessible features at each park unit. Detailed trail assessments relating to trail difficulty and conditions, for instance, are part of a solution to the common frustration that all users face when they are unaware of trail conditions and therefore unable to determine whether a trail matches their ability. Providing such information on the GGNRA website would open access to many people with physical disabilities by describing the surface conditions, grades and clearances at the entry point and across the duration of a trail. As a result of Defendants' failure to provide these and other accommodations for people with physical disabilities, such persons have been and are being denied their civil rights to programmatic access at GGNRA facilities.

## EXPERIENCES OF NAMED PLAINTIFFS

24.    Plaintiff Gray has a vision disability and a mobility disability, which requires her to use a wheelchair. She is the Adventures and Outings Program Coordinator for a non-profit organization. In this position, she plans and attends numerous outings, many of which occur at GGNRA facilities, such as Muir Woods, Marin Headlands and Crissy Field. Plaintiff Gray has experienced and, absent an injunction, will continue to experience access barriers where GGNRA facilities are inaccessible to people with mobility and/or vision disabilities due to the access barriers described herein.

*Gray. et. al, v. Golden Gate National Recreational Area, et. al.*
Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

6

25. Plaintiff Gray has experienced physical barriers along trails throughout GGNRA facilities which have impeded or fully prohibited her travel along those trails. For example, during a trip to Crissy Field, Gray struggled to pass a part of the trail that was covered with sand and dirt and during another trip to Marin Headlands, she skidded down an extremely steep, gravel path near the Visitor's Center. Access barriers, such as unstable surfaces and excessive slopes, are both frustrating and hazardous as they can cause a wheelchair to tip over or skid out of control.

26. Plaintiff Gray has also experienced sensory barriers at GGNRA supporting facilities and along GGNRA trails. At Crissy Field, she was unable to access informational materials, such as maps and the activities schedule, because they were not provided in alternative formats. Without access to these types of information materials, she is forced to rely on GGNRA employees, who are often times in short supply or unavailable for assistance. Furthermore, many of the exhibits at the Visitor's Center were inaccessible because they are behind glass. In addition, the educational signs along GGNRA trails lack the tactile resources necessary for Plaintiff Gray to understand the information provided.

27. Plaintiff Gray has also experienced sensory barriers when trying to access information presented in GGNRA exhibits and educational programs. On March 9, 2007 she was unable to access maps and models at the Bay Area Discovery Museum in the Marin Headlands. Despite the fact that the Museum was engaging in a celebration of accessibility, there were no available tactile models of visual exhibits or alternative format maps of the museum to allow people with vision impairments to understand information presented by the museum.

28. Plaintiff Sieck, who has a mobility disability that requires her to use a wheelchair, maintains a website that rates Bay Area parks for accessibility. As a result, she frequently visits GGNRA facilities, including but not limited to Muir Woods and Marin Headlands. Plaintiff

*Gray. et. al, v. Golden Gate National Recreational Area, et. al.*
Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

7

1  Sieck has experienced and, absent an injunction, will continue to experience GGNRA facilities
2  that are inaccessible to people with mobility disabilities due to the access barriers described
3  herein.

4      29.    Plaintiff Sieck has experienced physical barriers along trails throughout GGNRA
5  facilities, which have impeded or fully prohibited her travel along those trails.  During a visit to
6  Muir Woods, abrupt changes in level due to uprooted trees buckling the asphalt path impeded her
7  travel along the main trail.  She also experienced significant difficulty accessing the trail at Old
8  Battery Road and Bunker Road because the pedestrian pass-throughs at the beginning and end of
9  the trail contained deep ruts due to erosion.  She was only able to access this trail with the
10 assistance of her non-disabled husband.  Access barriers, such as uprooted paths and deep ruts,
11 are both frustrating and hazardous as they can cause a wheelchair to tip.

## STATUTORY AND REGULATORY FRAMEWORK

    30.    Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or under any program or activity conducted by an Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a).

    31.    An "individual with a disability" is defined under the statute, in pertinent part, as "an individual who has a physical or mental impairment which substantially limits one or more of such person's major life activities." 29 U.S.C. § 705(20)(A).

    32.    Section 504 requires the head of every executive agency to promulgate regulations as shall be necessary to carry out the Act. 29 U.S.C. § 794(a).

    33.    The Department of Interior Section 504 regulations provide that "no qualified handicapped person shall, on the basis of handicap, be excluded from participation in, be denied

*Gray. et. al, v. Golden Gate National Recreational Area, et. al.*
Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

8

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

the benefits of, or otherwise be subjected to discrimination under any program or activity conducted by the agency." 43 C.F.R. § 17.530(a)

34.     These regulations define "discrimination" to prohibit GGNRA, in providing any aid, benefit or service, from directly or through contractual, licensing, or other arrangements, on the basis of handicap, from:

a. "Deny[ing] a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service," 43 C.F.R. § 17.530(b)(1)(i); *see also* 43 C.F.R. § 17.203(b)(i);

b. "Afford[ing] a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," 43 C.F.R. § 17.530(b)(1)(ii); *see also* 43 C.F.R. § 17.203(b)(1)(ii);

c. "Provid[ing] a qualified handicapped person with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others," 43 C.F.R. § 17.530(b)(1)(iii); *see also* 43 C.F.R. § 17.203(b)(1)(iii);

d. "Provid[ing] different or separate aids, benefits or services to handicapped persons or to any class of handicapped persons than is provided to others unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others," 43 C.F.R. § 17.530(b)(1)(iv); *see also* 43 C.F.R. § 17.203(b)(1)(iv);

e. "Otherwise limiting a qualified handicapped person in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service," 43 C.F.R. § 17.203(b)(1)(vii).

35.     These regulations further define discrimination to prohibit GGNRA, directly or through contractual or other arrangements, from "utilize[ing] criteria or methods of

*Gray. et. al, v. Golden Gate National Recreational Area, et. al.*
Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

9

administration the purpose or effect of which would—(i) Subject a qualified handicapped person to discrimination on the basis of handicap, (ii) Defeat or substantially impair accomplishment of the objectives of a program or activity with respect to handicapped persons." 43 C.F.R. § 17.530(b)(2); *see also* 43 C.F.R. § 17.203(b)(4).

36. The regulations require GGNRA to "operate each program or activity so that the program or activity, when viewed in its entirety, is readily accessible to and usable by handicapped persons." 43 C.F.R. § 17.550(a); *see also* 43 C.F.R. §§ 17217(a), 17270(a),(b).

37. For new construction, "[e]ach building or part of a building that is constructed or altered by, on behalf of, or for use of they agency shall be designed, constructed, or altered so as to be readily accessible to and useable by handicapped persons." 43 C.F.R. § 17.551; *see also* 43 C.F.R. § 17218(a),(b).

38. The regulations require the agency to "within one year of the effective date of this part, evaluate, with the assistance of interested persons, including handicapped persons or organizations representing handicapped persons, its current policies and practices, and the effects thereof, that do not or may not meet the requirements of this part, and, to the extent modification of any such policies and practices is required, the agency shall proceed to make the necessary modifications." 43 C.F.R. § 17.510(a); *see also* 43 C.F.R. § 17.205.

39. In the event that structural changes to facilities are necessary to achieve program accessibility, the regulations require the agency to "develop, within six months of the effective date of this part, a transition plan setting forth the steps necessary to complete such changes. The plan shall be developed with the assistance of interested persons, including handicapped persons or organizations representing handicapped persons." 43 C.F.R. § 17.550(d); *see also* 43 C.F.R. § 17.217(e).

**FIRST CAUSE OF ACTION**
**(Violation of Section 504 of the Rehabilitation Act of 1973)**

*Gray. et. al, v. Golden Gate National Recreational Area, et. al.*
Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

10

40. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-39, inclusive.

41. Plaintiffs are informed and believe and thereon allege that all programs and activities described herein are provided at facilities owned and/or maintained by Defendants, or are operated and/or administered by Defendants or their agents.

42. By their actions or inactions in denying Plaintiffs their right to have access to the programs, services and activities offered by Defendants, and discriminating against Plaintiffs solely by reason of their disabilities, Defendants have violated Plaintiffs' rights under Section 504(a) of the Rehabilitation Act of 1973 and the regulations promulgated there under.

43. Plaintiffs have no adequate remedy at law and unless the relief requested herein is granted, Plaintiffs will suffer irreparable harm in that they will continue to be discriminated against and denied access to the programs, services and activities of GGNRA parks. Consequently, Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment as follows:

1. An order enjoining Defendants from violating Section 504(a) of the Rehabilitation Act.

2. A declaration that GGNRA is being operated in a manner that discriminates against persons with physical disabilities and that fails to provide access for persons with disabilities as required by law;

3. Plaintiffs' reasonable attorneys' fees and costs;

4. Such other and further relief as the Court deems just and proper.

---

*Gray. et. al, v. Golden Gate National Recreational Area, et. al.*
Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

11

DATED: 1-30-08

DISABILITY RIGHTS ADVOCATES

By: _____

LAURENCE W. PARADIS
Attorney for Plaintiffs

---

*Gray. et. al, v. Golden Gate National Recreational Area, et. al.*
Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

12