1  LAURENCE PARADIS (CA BAR NO. 122336)
   JULIA PINOVER (CA BAR NUMBER PENDING)
2  Disability Rights Advocates
   2001 Center Street, Third Floor
3  Berkeley, California  94704-1204
   Telephone:    (510) 665-8644
4  Facsimile:    (510) 665-8511
   TTY:          (510) 665-8716
5  Email:        general@dralegal.org

6

7              **UNITED STATES DISTRICT COURT**

8            **NORTHERN DISTRICT OF CALIFORNIA**

9

10

11

12  LORI GRAY, PETER MENDOZA, and ANN
    SIECK on behalf of themselves and all others       Case No. CV-08-0722
13  similarly situated,
                                                        Magistrate Judge Laporte
14                    Plaintiffs,

15  v.

16  GOLDEN GATE NATIONAL
    RECREATIONAL AREA, BRIAN O'NEILL,                   **AMENDED CLASS ACTION**
17  General Superintendent of Golden Gate               **COMPLAINT FOR VIOLATION OF**
    National Recreation Area, in his official           **CIVIL RIGHTS:  SECTION 504 OF THE**
18  capacity, NATIONAL PARK SERVICE, and                **REHABILITATION ACT OF 1973**
    MARY BOMAR, Director of the National
19  Park Service, in her official capacity,

20                    Defendants.

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**INTRODUCTION**

Plaintiffs complain of Defendants herein and allege that:

1.      This lawsuit is brought against Defendants NATIONAL PARK SERVICE ("NPS"), GOLDEN GATE NATIONAL RECREATIONAL AREA ("GGNRA"), MARY BOMAR, Director of NPS, in her official capacity, and BRIAN O'NEILL, General Superintendent of GGNRA, in his official capacity (collectively "Defendants"), who own, operate, maintain and/ or control GGNRA.  This case arises out of Defendants' systemic pattern and practice of discrimination against Plaintiffs who are people with mobility and/or vision disabilities  through Defendants' failure to provide the minimum legally required access to GGNRA.

2.      GGNRA is the largest national park unit in an urban area in the United States and is one of the most visited NPS units, with over 13 million visitors a year.  It contains approximately 75,000 acres of land and water, which is equivalent to two-and-a-half times the size of the consolidated city and county of San Francisco.  The park is not one continuous locale, but rather a collection of areas that stretch from northern San Mateo County to southern Marin County, and includes several parts of San Francisco.  The park is as diverse as it is expansive; it contains famous tourist attractions including but not limited to Muir Woods, Marin Headlands, Alcatraz, Stinson Beach and the Cliff House.  GGNRA is also home to 1,273 plant and animal species, encompasses 59 miles of bay and ocean shoreline, and has military fortifications that span centuries of California history from the Spanish conquistadors to Cold War-era Nike missile sites.  This system of parks and historic buildings is hereafter referred to as "GGNRA facilities".

3.      Throughout GGNRA facilities, Defendants have systemically discriminated against Plaintiffs on the basis of their disabilities by failing to provide adequate accommodations for people with mobility and/or vision disabilities.  For example, Defendants have failed to

*Gray et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

provide adequate programmatic access to trails for people with mobility disabilities.  Trails provide a wide variety of experiences to the visitor, from vistas to significant natural, cultural and educational experiences.  These routes are integral to the many programs and facilities within GGNRA parks, yet people with disabilities are unable to fully participate in the outdoor experience due to Defendants' failure to provide program access to its trails.  As a result of Defendants' failure to provide these and other accommodations for people with disabilities, such persons have been and are being denied their rights to access at GGNRA facilities.

4.      Defendants also discriminate against Plaintiffs by failing to provide adequate accommodations for people with vision disabilities at GGNRA facilities.  For example, Defendants have routinely and repeatedly failed to provide signage, paths of travel, displays, exhibits, publications and other information systems that are accessible to people with vision disabilities.  As a result of Defendants' failure to provide these and other accommodations for people with vision disabilities, such persons have been and are being denied their rights to access at GGNRA facilities.

5.      GGNRA facilities constitute key public programs, services and activities provided for the benefit of residents and visitors to California.  By refusing to provide access to these fundamental public programs, services and activities, Defendants discriminate against persons with disabilities in violation of Section 504 of the Rehabilitation Act.

6.      For many decades, GGNRA has been required to identify and remedy access barriers of the type described above but has failed and refused to meet this obligation.  For over a year, Plaintiffs, through their counsel, have tried to resolve these issues through negotiations with GGNRA.  Despite these efforts, the parties have been unable to reach an agreement on a plan of action to ensure programmatic access to all programs, services, and activities in GGNRA.  This lawsuit seeks to put an end to this ongoing discrimination by requiring Defendants to meet their obligation to provide program access to people with mobility and/or vision disabilities.

*Gray et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

2

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**JURISDICTION**

7.     This is an action for declaratory and injunctive relief brought pursuant to Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1342 and 1343 for claims arising out of Section 504.

8.     This Court has jurisdiction to issue injunctive relief and a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

9.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the District in which this complaint is filed, because Defendant GGNRA owns and maintains non-compliant facilities within the Northern District of California, and the acts and omissions giving rise to this claim have occurred within the Northern District of California.

**PARTIES**

10.     Plaintiffs are individuals with mobility and/or vision disabilities who have been and/or will be denied access to GGNRA due to Defendants' failure and refusal to provide the necessary accommodations to make GGNRA services, programs, and activities accessible.

11.     Unless otherwise indicated, "Plaintiffs" means and refers to the named plaintiffs and the proposed class as described below.

12.     Plaintiff LORI GRAY, who is blind and uses a motorized wheelchair, is a resident of Berkeley, California.  She is a person with a disability under all applicable statutes.  She has visited, or tried to visit, numerous GGNRA facilities, including but not limited to, Muir Woods, Marin Headlands, and Crissy Field.  At each of these facilities, she has experienced barriers, such as inaccessible trails and a lack of information in alternative formats, which have impeded her ability to fully enjoy GGNRA facilities.

*Gray et. al. v. Golden Gate National Recreational Area, et. al.,* Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

3

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

13.    Plaintiff PETER MENDOZA has cerebral palsy and uses a wheelchair as a result of suffering with cancer that required his leg to be amputated below the knee. Mr. Mendoza is a person with a disability under all applicable statutes. Mr. Mendoza is also a resident of Berkeley, California. Mr. Mendoza has visited, or tried to visit several GGNRA facilities including, but not limited to, Fort Mason and the Marin Headlands. At each of these facilities he has experienced access barriers, such as inaccessible paths of travel, non-compliant signage marking accessible paths of travel, and inaccessible restrooms. These barriers have impeded Mr. Mendoza's ability to fully enjoy GGNRA facilities and have caused Mr. Mendoza both embarrassment and frustration.

14.    Plaintiff ANN SIECK, who uses a motorized wheelchair, is a resident of Berkeley, California. She is a person with a disability under all applicable statutes. She has visited, or tried to visit, numerous GGNRA facilities, including but not limited to, Muir Woods and Marin Headlands. At each of these facilities, she has experienced barriers, such as inaccessible trails, which have impeded her ability to fully enjoy GGNRA facilities.

15.    Defendants NATIONAL PARK SERVICE, GOLDEN GATE NATIONAL RECREATION AREA, MARY BOMAR, and BRIAN O'NEILL own, operate, maintain and/or control the GGNRA facilities that fail to provide adequate accommodations to people with mobility and/or vision disabilities.

16.    Defendant NATIONAL PARK SERVICE ("NPS") is the United States federal agency responsible for regulating the use of all national parks, including GGNRA. NPS is a bureau within the Unites States Department of Interior.

17.    Defendant MARY BOMAR is the Director of NPS and is sued in her official capacity.

*Gray et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

4

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

18.     Defendant GOLDEN GATE NATIONAL RECREATION AREA ("GGNRA") is a federal recreation area administered by the National Park Service.  The park operates under Department of Interior and National Park Service policies and guidelines.

19.     Defendant BRIAN O'NEILL is the General Superintendent of GGNRA and is sued in his official capacity.

## FACTUAL ALLEGATIONS

20.     Plaintiffs have been denied access to GGNRA facilities due to Defendants' failure and refusal to provide the necessary accommodations to make GGNRA programs, activities, and services accessible to people with mobility and/or vision disabilities.

21.     Defendants have failed to prepare and implement a comprehensive plan to create access to GGNRA facilities, programs and services.  Defendants have failed to prepare and implement a plan that assesses barriers and have failed to provide a process to remedy access barriers in such a way that ensures that Defendants' programs, services, and activities when viewed in their entirety are readily accessible to and usable by people with mobility and/or vision disabilities.  The facilities at issue include park entrances, parking areas, paths of travel, restrooms, telephones, drinking fountains, signage, historic facilities, visitors centers, and trails. The programs, services and activities at issue include: hiking, bicycling, boating, exhibits/interpretive programs, camping, fishing, hiking, horseback riding, and picnicking. Defendants have also failed to provide information regarding accessibility on their website in an accessible form.  Federal law requires that public entities create and implement comprehensive plans addressing access to programs, services and activities for all existing facilities. 29 U.S.C. § 794(a); *see also* 43 C.F.R. §§ 17.510(a), 17.205.  Such a plan must identify access barriers and must include a schedule for providing access to programs, services, and activities as described above.  43 C.F.R. § 17.550(d); *see also* 43 C.F.R. §17.217(e).  Defendants' failure to prepare and implement a comprehensive plan relating to and ensuring program access to its programs,

---

*Gray et. al. v. Golden Gate National Recreational Area, et. al.,* Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

5

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

services and facilities denies persons with mobility and/or vision disabilities their civil rights to program access at GGNRA.

22.    Defendants have failed and are failing to provide programmatic access to such facilities, programs, services and activities.  As a result, Plaintiffs have been and are being denied their civil rights to access at GGNRA facilities.

23.    Defendants have failed and are failing to provide program access to its trails so that people with mobility and/or vision disabilities can fully participate in the outdoor experiences offered at GGNRA facilities.  Many trails currently contain excessive grades and cross-slopes, unstable surfaces, uneven surfaces, as well as other obstacles such as gates, rocks, roots and logs.  As a result of Defendants' failure to provide these and other accommodations for people with mobility and/or vision disabilities, such persons have been and are being denied their civil rights to programmatic access at GGNRA facilities.

24.    Defendants have failed and are failing to provide program access to its educational exhibits and informational materials so that people with vision disabilities can fully participate in the experiences at GGNRA facilities.  Educational trails and interpretive exhibits throughout GGNRA facilities contain a series of informational panels, signs and/or printed brochures that are inaccessible to individuals with vision disabilities.  For example, such materials frequently fail to provide distinctive tactile surfaces that call attention to informational panels, displays or signs; raised Arabic numerals and symbols for identification; and related guides and assistive devices.  Defendants also fail to provide informational materials, such as maps, in alternative formats.  As a result of Defendants' failure to provide these and other accommodations for people with vision disabilities, such persons have been and are being denied their civil rights to programmatic access at GGNRA facilities.

25.    Defendants have failed and are failing to provide detailed summaries of accessible features at each park unit.  Detailed trail assessments relating to trail difficulty and conditions,

*Gray et. al. v. Golden Gate National Recreational Area, et. al.,* Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

6

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

for instance, are part of a solution to the common frustration that all users face when they are unaware of trail conditions and therefore unable to determine whether a trail matches their ability. Providing such information on the GGNRA website would open access to many people with mobility and/or vision disabilities by describing the surface conditions, grades and clearances at the entry point and across the duration of a trail. As a result of Defendants' failure to provide these and other accommodations for people with mobility and/or vision disabilities, such persons have been and are being denied their civil rights to programmatic access at GGNRA facilities.

26. Defendants have also engaged in new construction and alteration of existing facilities in violation of applicable disability access standards.

27. Defendants' violations are knowing and intentional and in deliberate disregard of Plaintiffs rights pursuant Section 504.

## EXPERIENCES OF NAMED PLAINTIFFS

28. Plaintiff Gray has a vision disability and a mobility disability, which requires her to use a wheelchair. She is the Adventures and Outings Program Coordinator for a non-profit organization. In this position, she plans and attends numerous outings, many of which occur at GGNRA facilities, such as Muir Woods, Marin Headlands and Crissy Field. Plaintiff Gray has experienced and, absent an injunction, will continue to experience access barriers where GGNRA facilities are inaccessible to people with mobility and/or vision disabilities due to the access barriers described herein.

29. Plaintiff Gray has experienced physical barriers along trails throughout GGNRA facilities which have impeded or fully prohibited her travel along those trails. For example, during a trip to Crissy Field, Gray struggled to pass a part of the trail that was covered with sand and dirt and during another trip to Marin Headlands, she skidded down an extremely steep, gravel path near the Visitor's Center. Access barriers, such as unstable surfaces and excessive

*Gray et. al. v. Golden Gate National Recreational Area, et. al.,* Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

7

slopes, are both frustrating and hazardous as they can cause a wheelchair to tip over or skid out of control.

30.     Plaintiff Gray has also experienced sensory barriers at GGNRA supporting facilities and along GGNRA trails.  At Crissy Field, she was unable to access informational materials, such as maps and the activities schedule, because they were not provided in alternative formats.  Without access to these types of information materials, she is forced to rely on GGNRA employees, who are often times in short supply or unavailable for assistance.  Furthermore, many of the exhibits at the Visitor's Center were inaccessible because they are behind glass.  In addition, the educational signs along GGNRA trails lack the tactile resources necessary for Plaintiff Gray to understand the information provided.

31.     Plaintiff Gray has also experienced sensory barriers when trying to access information presented in GGNRA exhibits and educational programs.  On March 9, 2007 she was unable to access maps and models at the Bay Area Discovery Museum in the Marin Headlands.  Despite the fact that the Museum was engaging in a celebration of accessibility, there were no available tactile models of visual exhibits or alternative format maps of the museum to allow people with vision impairments to understand information presented by the museum.

32.     Plaintiff Mendoza, who has cerebral palsy, is a cancer survivor, suffered a leg amputation below the knee, and uses a wheelchair, has repeatedly encountered access barriers on paths of travel, insufficient signage indicating accessible travel routs, and inaccessible facilities during his visits to GGNRA headquarters at Fort Mason, and during visits to the Marin Headlands.  Plaintiff Mendoza has experienced and, absent an injunction, will continue to experience access barriers where GGNRA facilities are inaccessible to people with mobility disabilities due to the access barriers described herein.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

---

*Gray et. al. v. Golden Gate National Recreational Area, et. al.,* Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

8

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

33.    Plaintiff Mendoza has experienced physical access barriers along the paths of travel at the GGNRA headquarters building located at Fort Mason and throughout the Fort Mason park.  At Fort Mason, Plaintiff Mendoza has repeatedly encountered impassible sidewalk barriers at curb-to-sidewalk ramps and inaccessible uneven paving on both the sidewalks that surround the GGNRA headquarters building and on the sidewalks throughout the park.  Plaintiff Mendoza has also experienced barriers at Fort Mason with regards to Defendants' failure to provide signs that clearly label the locations and routs of accessible paths of travel.  The inaccessible curb cuts, uneven sidewalk surfacing, and inadequate signage at Fort Mason have impeded Plaintiff Mendoza's ability to navigate around, move within, and enjoy the Fort Mason facility.

34.    Plaintiff Mendoza also experienced inadequate access to restroom facilities at Fort Mason.  In order to gain accessible restroom access at the Fort Mason headquarters building, a person with a disability uses an intercom located at the rear entrance to the headquarters building to alert GGNRA staff.  When Plaintiff Mendoza tried to access this restroom using the intercom system provided, he was left waiting outside the rear entrance to the building for an extended period of time.  In this instance, Plaintiff Mendoza was forced to wait to gain access to the restroom because the GGNRA front desk was not staffed at that time.  As a result of this incident, Plaintiff Mendoza contacted GGNRA personnel and verbally lodged a complaint suggesting that Defendants provide an emergency contact for the intercom to expedite and ensure that people with disabilities have access to the accessible restroom in the GGNRA headquarters building at Fort Mason.

35.    Plaintiff Mendoza also experienced serious access barriers at the Marin Headlands due to Defendants' failure to provide an accessible restroom at this facility.  When visiting the Marin Headlands Visitors' Center, Plaintiff Mendoza was unable to use the non wheelchair accessible restrooms at the Visitors' Center.  As a result of the inaccessible restrooms at this

*Gray et. al. v. Golden Gate National Recreational Area, et. al.,* Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

9

facility, Plaintiff Mendoza became unable to control his bladder.  Defendants' failure to provide accessible restrooms at the Marin Headlands Visitors' Center caused Plaintiff Mendoza extreme embarrassment and public humiliation.  Defendants' continued failure to provide accessible restrooms at this and other GGNRA facilities makes GGNRA facilities inaccessible to Plaintiff Mendoza and similarly situated people with mobility disabilities.

36.    Plaintiff Sieck, who has a mobility disability that requires her to use a wheelchair, maintains a website that rates Bay Area parks for accessibility.  As a result, she frequently visits GGNRA facilities, including but not limited to Muir Woods and Marin Headlands.  Plaintiff Sieck has experienced and, absent an injunction, will continue to experience GGNRA facilities that are inaccessible to people with mobility disabilities due to the access barriers described herein.

37.    Plaintiff Sieck has experienced physical barriers along trails throughout GGNRA facilities, which have impeded or fully prohibited her travel along those trails.  During a visit to Muir Woods, abrupt changes in level due to uprooted trees buckling the asphalt path impeded her travel along the main trail.  She also experienced significant difficulty accessing the trail at Old Battery Road and Bunker Road because the pedestrian pass-throughs at the beginning and end of the trail contained deep ruts due to erosion.  She was only able to access this trail with the assistance of her non-disabled husband.  Access barriers, such as uprooted paths and deep ruts, are both frustrating and hazardous as they can cause a wheelchair to tip.

## CLASS ALLEGATIONS

38.    Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the named Plaintiffs seek injunctive and declaratory relief on their own behalf and on behalf of all persons similarly situated.  The class the named Plaintiffs seek to represent is composed of all persons with mobility and/or vision disabilities who use and/or will use GGNRA facilities.  The class claims asserted herein are solely for injunctive and declaratory relief for the class.

*Gray et. al. v. Golden Gate National Recreational Area, et. al.,* Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

39.    The persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

40.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that they, or their members, have been and continue to be denied their civil rights to access and use and enjoy GGNRA programs and facilities due to the lack of access required by law for persons with vision and/or mobility disabilities.

41.    Common questions of law and fact predominate, including questions raised by Plaintiffs' allegations that Defendants have failed to provide program access to GGNRA programs, services and facilities.

42.    Claims of the named Plaintiffs are typical of the claims of the class as a whole because the named Plaintiffs are similarly affected by Defendants' failure to provide access to GGNRA programs, services and facilities.

43.    The named Plaintiffs are adequate class representatives because they are directly impacted by Defendants' failure to provide program access to GGNRA programs, services and facilities.  The interests of the named Plaintiffs are not antagonistic to, or in conflict with, the interests of the class as a whole.  The attorneys representing the class are experienced in class action institutional reform litigation.

44.    Defendants have acted and/or failed to act on grounds generally applicable to the class, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole.

## STATUTORY AND REGULATORY FRAMEWORK

45.    Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability,

---

*Gray et. al. v. Golden Gate National Recreational Area, et. al.,* Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or under any program or activity conducted by an Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a).

46.    An "individual with a disability" is defined under the statute, in pertinent part, as "an individual who has a physical or mental impairment which substantially limits one or more of such person's major life activities." 29 U.S.C. § 705(20)(A).

47.    Section 504 requires the head of every executive agency to promulgate regulations as shall be necessary to carry out the Act. 29 U.S.C. § 794(a).

48.    The Department of Interior Section 504 regulations provide that "no qualified handicapped person shall, on the basis of handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activity conducted by the agency." 43 C.F.R. § 17.530(a)

49.    These regulations define "discrimination" to prohibit GGNRA, in providing any aid, benefit or service, from directly or through contractual, licensing, or other arrangements, on the basis of handicap, from:

a.    "Deny[ing] a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service," 43 C.F.R. § 17.530(b)(1)(i); *see also* 43 C.F.R. § 17.203(b)(i);

b.    "Afford[ing] a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," 43 C.F.R. § 17.530(b)(1)(ii); *see also* 43 C.F.R. § 17.203(b)(1)(ii);

c.    "Provid[ing] a qualified handicapped person with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Gray et. al. v. Golden Gate National Recreational Area, et. al.,* Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

12

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    benefit, or to reach the same level of achievement as that provided to others," 43

2    C.F.R. § 17.530(b)(1)(iii); *see also* 43 C.F.R. § 17.203(b)(1)(iii);

3    d.    "Provid[ing] different or separate aids, benefits or services to handicapped persons or

4    to any class of handicapped persons than is provided to others unless such action is

5    necessary to provide qualified handicapped persons with aid, benefits, or services that

6    are as effective as those provided to others," 43 C.F.R. § 17.530(b)(1)(iv); *see also* 43

7    C.F.R. § 17.203(b)(1)(iv);

8

9    e.    "Otherwise limiting a qualified handicapped person in the enjoyment of any right,

10    privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or

11    service,"  43 C.F.R. § 17.203(b)(1)(vii).

12    50.    These regulations further define discrimination to prohibit GGNRA, directly or

13    through contractual or other arrangements, from "utilize[ing] criteria or methods of

14    administration the purpose or effect of which would—(i) Subject a qualified handicapped person

15    to discrimination on the basis of handicap, (ii) Defeat or substantially impair accomplishment of

16    the objectives of a program or activity with respect to handicapped persons."  43 C.F.R. §

17    17.530(b)(2); *see also* 43 C.F.R. § 17.203(b)(4).

18

19    51.    The regulations require GGNRA to "operate each program or activity so that the

20    program or activity, when viewed in its entirety, is readily accessible to and usable by

21    handicapped persons." 43 C.F.R. § 17.550(a); *see also* 43 C.F.R. §§ 17217(a), 17270(a),(b).

22    52.    For new construction, "[e]ach building or part of a building that is constructed  or

23    altered by, on behalf of, or for use of they agency shall be designed, constructed, or altered so as

24    to be readily accessible to and useable by handicapped persons."  43 C.F.R. § 17.551; *see also* 43

25    C.F.R. § 17218(a),(b).

26    53.    The regulations require the agency to "within one year of the effective date of this

27    part, evaluate, with the assistance of interested persons, including handicapped persons or

28

---

*Gray et. al. v. Golden Gate National Recreational Area, et. al.,* Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

13

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   organizations representing handicapped persons, its current policies and practices, and the effects

2   thereof, that do not or may not meet the requirements of this part, and, to the extent modification

3   of any such policies and practices is required, the agency shall proceed to make the necessary

4   modifications." 43 C.F.R. § 17.510(a); *see also* 43 C.F.R. § 17.205.

5       54.    In the event that structural changes to facilities are necessary to achieve program

6
    accessibility, the regulations require the agency to "develop, within six months of the effective
7
    date of this part, a transition plan setting forth the steps necessary to complete such changes.  The
8
    plan shall be developed with the assistance of interested persons, including handicapped persons
9
10  or organizations representing handicapped persons."  43 C.F.R. § 17.550(d); *see also* 43 C.F.R. §

11  17.217(e).

12                        **FIRST CAUSE OF ACTION**
                **(Violation of Section 504 of the Rehabilitation Act of 1973)**
13      55.    Plaintiffs incorporate by reference herein the allegations in paragraphs 1-54,

14  inclusive.

15      56.    Plaintiffs are informed and believe and thereon allege that all programs and

16
    activities described herein are provided at facilities owned and/or maintained by Defendants, or
17
    are operated and/or administered by Defendants or their agents.
18

19      57.    By their actions or inactions in denying Plaintiffs their right to have access to the

20  programs, services and activities offered by Defendants, and discriminating against Plaintiffs

21  solely by reason of their disabilities, Defendants have violated Plaintiffs' rights under Section

22  504(a) of the Rehabilitation Act of 1973 and the regulations promulgated there under.

23      58.    Plaintiffs have no adequate remedy at law and unless the relief requested herein is

24  granted, Plaintiffs will suffer irreparable harm in that they will continue to be discriminated

25  against and denied access to the programs, services and activities of GGNRA parks.

26  Consequently, Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and

27  costs.

28

---

*Gray et. al. v. Golden Gate National Recreational Area, et. al.,* Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

1    WHEREFORE, Plaintiffs request relief as set forth below.

2                              **RELIEF REQUESTED**

3    WHEREFORE, Plaintiffs pray for judgment as follows:

4        1.    An order enjoining Defendants from violating Section 504(a) of the Rehabilitation

5    Act.

6        2.    A declaration that GGNRA is being operated in a manner that discriminates

7    against persons with mobility and/or vision disabilities and that fails to provide access for

8    persons with disabilities as required by law;

9

10       3.    Compensatory damages for the named plaintiffs according to proof;

11       4.    Plaintiffs' reasonable attorneys' fees and costs;

12       5.    Such other and further relief as the Court deems just and proper.

13

14

15

16

17

18   DATED:  2 - 06 - 08                          DISABILITY RIGHTS ADVOCATES

19

20

21

22   By: _____

23

24                                              LAURENCE W. PARADIS
                                                Attorney for Plaintiffs
25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

_Gray et. al. v. Golden Gate National Recreational Area, et. al._, Case No. CV 08 0722
Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973