GREGORY G. KATSAS
Assistant Attorney General
JOSPEH P. RUSONIELLO
United States Attorney
JOSEPH W. LOBUE
Assistant Director, Federal Programs Branch
Civil Division
HEATHER R. PHILLIPS, CA Bar #191620
Trial Attorney, Federal Programs Branch
Civil Division
20 Massachusetts Ave NW, 7222
PO Box 883 (US Mail)
Washington, DC 20530
Tel: 202-616-0679
Fax: 202-616-8470
email: heather.phillips@usdoj.gov
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI GRAY, ET AL., | |
| Plaintiffs, | Civil Action No. 3:08cv722 (EDL) |
| v. | DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT |
| GOLDEN GATE NATIONAL RECREATION AREA, ET AL., | |
| Defendants. | |

Defendants, by and through undersigned counsel, answer Plaintiffs' Second Amended Complaint as follows:

### First Defense

Plaintiffs' Second Amended Complaint fails to state a claim for which relief may be granted.

### Second Defense

Plaintiffs lack standing to maintain some or all of the claims stated in the Second Amended Complaint.

*Defendants' Answer- Civ. Action No. 08-722*

### Third Defense

The modifications sought by Plaintiffs are not reasonable and therefore they are not required by the Rehabilitation Act of 1973, as amended.

### Fourth Defense

The modifications sought by Plaintiffs would fundamentally alter the nature of the Golden Gate National Recreation Area ("GGNRA") and deprive the public at large of the natural surroundings which are a central feature of the natural areas preserved by GGNRA.

### Fifth Defense

The modifications sought by Plaintiffs would impose undue financial and administrative burdens on the National Park Service ("NPS").

### Sixth Defense

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

### Seventh Defense

Answering the separate paragraphs of Plaintiffs' Second Amended Complaint, Defendants state:

1. The first sentence of Paragraph 1 consists of Plaintiffs' characterization of this action to which no answer is required. To the extent an answer is deemed necessary, the allegations in the first sentence of Paragraph 1 are denied, except to admit that Mary Bomar is the Director of NPS, Brian O'Neill is the General Superintendent of GGNRA, and NPS controls, operates and administers GGNRA. The second sentence of Paragraph 1 is denied.

2. Defendants admits the first and fourth sentences of this paragraph. Defendants lack sufficient knowledge to admit or deny the allegations in the second sentence of this paragraph, except to admit that GGNRA boundaries encompass approximately 80,000 acres of land and water, but that some of the areas located within GGNRA boundaries are administered by other entities, such as state parks, Point Reyes National Seashores, and Marin Municipal water district. Defendant denies the third sentence of this paragraph, except to admit that GGNRA is a collection of areas that stretch from northern San Mateo County to northern Marin County, and

includes several sites in San Francisco. Defendant denies the fifth sentence of this paragraph, except to admit that GGNRA is home to some 1362 plant and animal species and encompasses at least 59 miles of bay and ocean shoreline. The sixth sentence of this paragraph contains Plaintiff's definition of "GGNRA facilities" as used in their Second Amended Complaint, to which no answer is required.

3. The first, second, fourth, and fifth sentences of Paragraph 3 are denied. With respect to the third sentence of Paragraph 3, Defendant admits that trails may provide a wide variety of experiences to the visitor. Without identification of the specific trails referenced by Plaintiffs, Defendants lack sufficient knowledge to admit or deny the remaining allegations in the third sentence.

4. Denied.

5. The first sentence in Paragraph 5 is denied, except to admit that GGNRA facilities are provided for the benefit of residents and visitors to California. The second sentence in Paragraph 5 is denied.

6. Paragraph 6 is denied, except to admit that the parties have not reached any agreement with respect to Plaintiffs' allegations.

7. The first sentence of this paragraph consists of Plaintiffs' characterization of this action to which no answer is required. The allegations in the second sentence of this paragraph are legal conclusions regarding the Court's jurisdiction to which no answer is required.

8. The allegations in this paragraph are legal conclusions regarding the Court's jurisdiction to which no answer is required.

9. The allegations in this paragraph are denied except to admit that GGNRA is located within the Northern District of California.

10. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph respecting Plaintiffs' alleged disabilities. The remaining allegations in this paragraph are denied.

    11. Paragraph 11 consists of Plaintiffs' definition of the term "Plaintiffs" to which no answer is required.

    12. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

    13. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

    14. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

    15. Paragraph 15 is denied, except to admit that Defendant NPS controls, operates, and administers GGNRA facilities.

    16. Admitted, except to deny that GGNRA is a national park and to note that GGNRA is a national recreation area.

    17. Admitted.

    18. Admitted.

    19. Admitted.

    20. Denied.

    21. The first, second, fifth, and eighth sentences of this paragraph are denied. The third and fourth sentences of this paragraph consist of Plaintiffs' characterization of the "facilities at issue" and the "programs, services and activities at issue" to which no answer is required. The sixth and seventh sentences of this paragraph contain legal conclusions to which no answer is required.

    22. Denied.

    23. Denied.

    24. Denied.

    25. The first and fourth sentences of this paragraph are denied. Defendants lack sufficient knowledge to admit or deny the allegations in the second and third sentences of this paragraph.

*Defendants' Answer- Civ. Action No. 08-722*       - 4 -

26. Denied.

27. Denied.

28. Defendants lack sufficient knowledge to admit or deny the allegations in the first, second, and third sentences of this paragraph. The fourth sentence is denied.

29. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

30. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, except to admit that some of the exhibits at the Crissy Field visitor's center were, in the past, behind glass, but that these exhibits are no longer at the visitor's center.

31. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

32. Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of this paragraph. The second sentence is denied.

33. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

34. The first, and fifth sentences of this paragraph are denied. The second sentence of this paragraph is denied, except to admit that Fort Mason does not have restrooms that are open to the public. Defendants lack sufficient knowledge to admit or deny the allegations in third and fourth sentences of this paragraph.

35. Defendants lack sufficient knowledge to admit or deny the allegations in the first, second, third, and fourth sentences of this paragraph. The fifth sentence is denied.

36. Defendants lack sufficient knowledge to admit or deny the allegations in the first and second sentences of this paragraph. The third sentence is denied.

37. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.

38. Paragraph 38 consists of Plaintiffs' characterization of this action to which no answer is required.

*Defendants' Answer- Civ. Action No. 08-722*          - 5 -

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. The allegations in the first sentence of this paragraph are denied. Defendants lack sufficient knowledge to admit or deny the allegations in the second and third sentences of this paragraph.

44. Denied.

45. This paragraph contains Plaintiffs' characterization of 29 U.S.C. § 794(a), which speaks for itself. To the extent an answer is deemed necessary, the allegations are denied, and the Court is respectfully referred to the cited statute for a complete and accurate statement of its contents.

46. This paragraph contains Plaintiffs' characterization of 29 U.S.C. § 705(20)(A), which speaks for itself. To the extent an answer is deemed necessary, the allegations are denied, and the Court is respectfully referred to the cited statute for a complete and accurate statement of its contents.

47. This paragraph contains Plaintiffs' characterization of 29 U.S.C. § 794(a), which speaks for itself. To the extent an answer is deemed necessary, the allegations are denied, and the Court is respectfully referred to the cited statute for a complete and accurate statement of its contents.

48. This paragraph contains Plaintiffs' characterization of 43 C.F.R. § 17.530(a), which speaks for itself. To the extent an answer is deemed necessary, the allegations are denied, and the Court is respectfully referred to the cited regulation for a complete and accurate statement of its contents.

49. Paragraph 49 and associated subparagraphs (a)-(e) contain Plaintiffs' characterization of various regulations, which speak for themselves. To the extent an answer is

*Defendants' Answer- Civ. Action No. 08-722*        - 6 -

deemed necessary, the allegations are denied, and the Court is respectfully referred to the cited regulations for a complete and accurate statement of their contents.

50. This paragraph contains Plaintiffs' characterization of regulations, and in particular, 43 C.F.R. §§ 17.530(b)(2) and 17.203(b)(4), which speak for themselves. To the extent an answer is deemed necessary, the allegations are denied, and the Court is respectfully referred to the cited regulations for a complete and accurate statement of their contents.

51. This paragraph contains Plaintiffs' characterization of regulations, and in particular, 43 C.F.R. §§ 17.550(a), 17217(a), and 17270(a), (b), which speak for themselves. To the extent an answer is deemed necessary, the allegations are denied, and the Court is respectfully referred to the cited regulations for a complete and accurate statement of their contents.

52. This paragraph contains Plaintiffs' characterization of regulations, and in particular, 43 C.F.R. §§ 17.551 and 17218(a), (b), which speak for themselves. To the extent an answer is deemed necessary, the allegations are denied, and the Court is respectfully referred to the cited regulations for a complete and accurate statement of their contents.

53. This paragraph contains Plaintiffs' characterization of regulations, and in particular, 43 C.F.R. §§ 17.510(a) and 17.205, which speak for themselves. To the extent an answer is deemed necessary, the allegations are denied, and the Court is respectfully referred to the cited regulations for a complete and accurate statement of their contents.

54. This paragraph contains Plaintiffs' characterization of regulations, and in particular, 43 C.F.R. §§ 17.550(d) and 17.217(e), which speak for themselves. To the extent an answer is deemed necessary, the allegations are denied, and the Court is respectfully referred to the cited regulations for a complete and accurate statement of their contents.

## FIRST CAUSE OF ACTION

55. Defendants incorporate herein their answers to paragraphs 1-54.

56. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, except to admit that Defendant NPS controls, operates, and administers GGNRA facilities.

57. Denied.

58. Denied.

## RELIEF REQUESTED

Defendants deny that Plaintiffs are entitled to the requested relief (listed on page 15 of Plaintiffs' Second Amended Complaint) or to any relief whatsoever.

* * * *

Defendants further deny any and all allegations in Plaintiffs' Second Amended Complaint not specifically admitted herein.

WHEREFORE, Defendants request that Plaintiffs' prayer for relief be denied, that this action be dismissed with prejudice, and that Defendants be awarded costs and such other relief as may be appropriate.

Dated: August 5, 2008                           Respectfully Submitted,


                                                GREGORY G. KATSAS
                                                Assistant Attorney General

                                                JOSEPH P. RUSSONIELLO
                                                United States Attorney

                                                JOSEPH W. LOBUE
                                                Assistant Director, Federal Programs Branch


                                                /s/ Heather R. Phillips
                                                HEATHER R. PHILLIPS, CA Bar #191620
                                                Trial Attorney, Federal Programs Branch
                                                Civil Division
                                                20 Massachusetts Ave NW, 7222
                                                Washington, DC 20044
                                                Tel: 202-616-0679
                                                Fax: 202-616-8470
                                                email: heather.phillips@usdoj.gov
                                                *Attorneys for United States*

Of Counsel:
Jacqueline Jackson
Attorney-Advisor
Office of the Solicitor
1849 C Street, N.W.
Washington, D.C. 20240

*Defendants' Answer- Civ. Action No. 08-722*           - 8 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2008, I caused a copy of the foregoing to be served on counsel for Plaintiffs via the Court's ECF system.

/s/ Heather Phillips
HEATHER PHILLIPS

*Defendants' Answer- Civ. Action No. 08-722*