LAURENCE PARADIS (CA BAR NO. 122336)
RONALD ELSBERRY (CA BAR NO. 130880)
BECCA VON BEHREN (CA BAR NO. 262149)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:     (510) 665-8644
Facsimile:     (510) 665-8511
TTY:           (510) 665-8716
Email:         general@dralegal.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI GRAY, PETER MENDOZA, ANN SIECK, MARC SUTTON, and CALIFORNIA COUNCIL OF THE BLIND, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN GATE NATIONAL RECREATIONAL AREA, NATIONAL PARK SERVICE, FRANK DEAN, in his official capacity as Acting General Superintendent of Golden Gate National Recreational Area, and JON JARVIS, in his official capacity as Director of the National Park Service,<br><br>Defendants. | Case No. C-08-00722 EDL<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF CIVIL RIGHTS: SECTION 504 OF THE REHABILITATION ACT OF 1973**<br><br>Judge: Hon. Elizabeth D. Laporte |

# INTRODUCTION

Plaintiffs complain of Defendants herein and allege that:

1. This lawsuit is brought against Defendants NATIONAL PARK SERVICE ("NPS"), GOLDEN GATE NATIONAL RECREATIONAL AREA ("GGNRA"), JON JARVIS, in his official capacity as Director of NPS, and FRANK DEAN, in his official capacity as Acting General Superintendent of GGNRA (collectively "Defendants"), who own, operate, maintain and/or control GGNRA. This case arises out of Defendants' systemic pattern and practice of discrimination against Plaintiffs who are people with mobility and/or vision disabilities through Defendants' failure to provide the minimum legally required access to GGNRA.

2. GGNRA is the largest national park unit in an urban area in the United States and is one of the most visited NPS units, with over 13 million visitors a year. It contains approximately 75,000 acres of land and water, which is equivalent to two-and-a-half times the size of the consolidated city and county of San Francisco. The park is not one continuous locale, but rather a collection of areas that stretch from northern San Mateo County to southern Marin County, and includes several parts of San Francisco. The park is as diverse as it is expansive; it contains famous tourist attractions including but not limited to Muir Woods, Marin Headlands, Alcatraz, Stinson Beach and the Cliff House. GGNRA is also home to 1,273 plant and animal species, encompasses 59 miles of bay and ocean shoreline, and has military fortifications that span centuries of California history from the Spanish conquistadors to Cold War-era Nike missile sites. This system of parks and historic buildings is hereafter referred to as "GGNRA facilities."

3. Throughout GGNRA facilities, Defendants have systemically discriminated against Plaintiffs on the basis of their disabilities by failing to provide adequate accommodations for people with mobility and/or vision disabilities. For example, Defendants have failed to provide adequate programmatic access to trails for people with mobility disabilities. Trails provide a wide variety of experiences to the visitor, from vistas to significant natural, cultural and educational experiences. These routes are integral to the many programs and facilities

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

within GGNRA parks, yet people with disabilities are unable to fully participate in the outdoor experience due to Defendants' failure to provide program access to its trails. As a result of Defendants' failure to provide these and other accommodations for people with disabilities, such persons have been and are being denied their rights to access at GGNRA facilities.

4. Defendants also discriminate against Plaintiffs by failing to provide adequate accommodations for people with vision disabilities at GGNRA facilities. For example, Defendants have routinely and repeatedly failed to provide signage, paths of travel, displays, exhibits, publications and other information systems that are accessible to people with vision disabilities. As a result of Defendants' failure to provide these and other accommodations for people with vision disabilities, such persons have been and are being denied their rights to access at GGNRA facilities.

5. GGNRA facilities constitute key public programs, services and activities provided for the benefit of residents and visitors to California. By refusing to provide access to these fundamental public programs, services and activities, Defendants discriminate against persons with disabilities in violation of Section 504 of the Rehabilitation Act.

6. For many decades, GGNRA has been required to identify and remedy access barriers of the type described above but has failed and refused to meet this obligation. For over a year, Plaintiffs, through their counsel, have tried to resolve these issues through negotiations with GGNRA. Despite these efforts, the parties have been unable to reach an agreement on a plan of action to ensure programmatic access to all programs, services, and activities in GGNRA. This lawsuit seeks to put an end to this ongoing discrimination by requiring Defendants to meet their obligation to provide program access to people with mobility and/or vision disabilities.

## JURISDICTION

7. This is an action for declaratory and injunctive relief brought pursuant to Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1342 and 1343 for claims arising out of Section 504.

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.,* Case No. C-08-0722 EDL
Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

2

8.  This Court has jurisdiction to issue injunctive relief and a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

9.  Pursuant to 28 U.S.C. § 1391(b), venue is proper in the District in which this complaint is filed, because Defendant GGNRA owns and maintains non-compliant facilities within the Northern District of California, and the acts and omissions giving rise to this claim have occurred within the Northern District of California.

**PARTIES**

10.  Plaintiffs are individuals with mobility and/or vision disabilities, and an organization with members with vision disabilities, who have been and/or will be denied access to GGNRA due to Defendants' failure and refusal to provide the necessary accommodations to make GGNRA services, programs, and activities accessible.

11.  Unless otherwise indicated, "Plaintiffs" means and refers to the named plaintiffs and the proposed class as described below.

12.  Plaintiff LORI GRAY, who is blind and uses a wheelchair, is a resident of Berkeley, California. She is a person with a disability under all applicable statutes. She has visited, or tried to visit, numerous GGNRA facilities, including but not limited to, Muir Woods, Marin Headlands, and Crissy Field. At each of these facilities, she has experienced barriers, such as inaccessible trails and a lack of information in alternative formats, which have impeded her ability to fully enjoy GGNRA facilities.

13.  Plaintiff PETER MENDOZA has cerebral palsy and uses a wheelchair. He has also suffered with cancer that required his leg to be amputated below the knee. Mr. Mendoza is a person with a disability under all applicable statutes. Mr. Mendoza is also a resident of Berkeley, California. Mr. Mendoza has visited, or tried to visit several GGNRA facilities including, but not limited to, Fort Mason and the Marin Headlands. At each of these facilities he has experienced access barriers, such as inaccessible paths of travel, non-compliant signage marking accessible paths of travel, and inaccessible restrooms. These barriers have impeded Mr.

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

3

1   Mendoza's ability to fully enjoy GGNRA facilities and have caused Mr. Mendoza both
2   embarrassment and frustration.

3       14.    Plaintiff ANN SIECK, who uses a motorized wheelchair, is a resident of
4   Berkeley, California. She is a person with a disability under all applicable statutes. She has
5   visited, or tried to visit, numerous GGNRA facilities, including but not limited to, Muir Woods
6   and Marin Headlands. At each of these facilities, she has experienced barriers, such as
7   inaccessible trails, which have impeded her ability to fully enjoy GGNRA facilities.

8       15.    Plaintiff MARC SUTTON is blind and a resident of Berkeley, California. Mr.
9   Sutton has visited, or tried to visit, numerous GGNRA facilities, including, but not limited to,
10  Alcatraz, China Beach, Fort Mason, and Muir Woods. At each of these facilities, he has
11  experienced barriers, such as inaccessible trails and a lack of information in alternative formats,
12  which have impeded his ability to fully enjoy GGNRA facilities.

13      16.    Plaintiff CALIFORNIA COUNCIL OF THE BLIND ("CCB") is a nonprofit
14  membership organization composed of Californians who are blind or have low vision. The
15  mission of CCB is to gain full independence and equality of opportunity for all blind and visually
16  impaired Californians. To this end, CCB provides information and referral, technical assistance,
17  advocacy, leadership development, publications, emergency funds, accessible technology loans,
18  and scholarships. CCB's goal is to ensure that culture, laws, programs, and attitudes throughout
19  California are inclusive of all people, especially persons who have blind or vision disabilities.
20  Accordingly, the interests that CCB seeks to protect through this litigation are germane to its
21  mission and purpose. Further, CCB's members include Californians with vision disabilities who
22  have been discriminated against and unable to fully enjoy GGNRA facilities because of the
23  access barriers at issue in this case.

24      17.    Defendants NATIONAL PARK SERVICE, GOLDEN GATE NATIONAL
25  RECREATION AREA, JON JARVIS, and FRANK DEAN own, operate, maintain and/or
26  control the GGNRA facilities that fail to provide adequate accommodations to people with
27  mobility and/or vision disabilities.
28

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
**Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973**

4

18. Defendant NPS is the United States federal agency responsible for regulating the use of all national parks, including GGNRA. NPS is a bureau within the Unites States Department of Interior.

19. Defendant JON JARVIS is the Director of NPS and is sued in his official capacity.

20. Defendant GGNRA is a federal recreation area administered by NPS. The park operates under Department of Interior and NPS policies and guidelines.

21. Defendant FRANK DEAN is the Acting General Superintendent of GGNRA and is sued in his official capacity.

## FACTUAL ALLEGATIONS

22. Plaintiffs have been denied access to GGNRA facilities due to Defendants' failure and refusal to provide the necessary accommodations to make GGNRA programs, activities, and services accessible to people with mobility and/or vision disabilities.

23. Defendants have failed to prepare and implement a comprehensive plan to create access to GGNRA facilities, programs and services. Defendants have failed to prepare and implement a plan that assesses barriers and have failed to provide a process to remedy access barriers in such a way that ensures that Defendants' programs, services, and activities when viewed in their entirety are readily accessible to and usable by people with mobility and/or vision disabilities. The facilities at issue include park entrances, parking areas, paths of travel, restrooms, telephones, drinking fountains, signage, historic facilities, visitors centers, and trails. The programs, services and activities at issue include: hiking, bicycling, boating, exhibits/interpretive programs, camping, fishing, hiking, horseback riding, and picnicking. Defendants have also failed to provide information regarding accessibility on their website in an accessible form. Federal law requires that public entities create and implement comprehensive plans addressing access to programs, services and activities for all existing facilities. 29 U.S.C. § 794(a); *see also* 43 C.F.R. §§ 17.510(a), 17.205. Such a plan must identify access barriers and must include a schedule for providing access to programs, services, and activities as described

---

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

5

above. 43 C.F.R. § 17.550(d); *see also* 43 C.F.R. §17.217(e). Defendants' failure to prepare and implement a comprehensive plan relating to and ensuring program access to its programs, services and facilities denies persons with mobility and/or vision disabilities their civil rights to program access at GGNRA.

24. Defendants have failed and are failing to provide programmatic access to such facilities, programs, services and activities. As a result, Plaintiffs have been and are being denied their civil rights to access at GGNRA facilities.

25. Defendants have failed and are failing to provide program access to its trails so that people with mobility and/or vision disabilities can fully participate in the outdoor experiences offered at GGNRA facilities. Many trails currently contain excessive grades and cross-slopes, unstable surfaces, uneven surfaces, as well as other obstacles such as gates, rocks, roots and logs. As a result of Defendants' failure to provide these and other accommodations for people with mobility and/or vision disabilities, such persons have been and are being denied their civil rights to programmatic access at GGNRA facilities.

26. Defendants have failed and are failing to provide program access to its educational exhibits and informational materials so that people with vision disabilities can fully participate in the experiences at GGNRA facilities. Educational trails and interpretive exhibits throughout GGNRA facilities contain a series of informational panels, signs and/or printed brochures that are inaccessible to individuals with vision disabilities. For example, such materials frequently fail to provide distinctive tactile surfaces that call attention to informational panels, displays or signs; raised Arabic numerals and symbols for identification; and related guides and assistive devices. Defendants also fail to provide informational materials, such as maps, in alternative formats. As a result of Defendants' failure to provide these and other accommodations for people with vision disabilities, such persons have been and are being denied their civil rights to programmatic access at GGNRA facilities.

27. Defendants have failed and are failing to provide detailed summaries of accessible features at each park unit. Detailed trail assessments relating to trail difficulty and conditions,

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
**Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973**

6

for instance, are part of a solution to the common frustration that all users face when they are unaware of trail conditions and therefore unable to determine whether a trail matches their ability. Providing such information on the GGNRA website would open access to many people with mobility and/or vision disabilities by describing the surface conditions, grades and clearances at the entry point and across the duration of a trail. As a result of Defendants' failure to provide these and other accommodations for people with mobility and/or vision disabilities, such persons have been and are being denied their civil rights to programmatic access at GGNRA facilities.

28. Defendants have also engaged in new construction and alteration of existing facilities in violation of applicable disability access standards.

29. Defendants' violations are knowing and intentional and in deliberate disregard of Plaintiffs' rights pursuant Section 504.

## EXPERIENCES OF NAMED PLAINTIFFS

30. Plaintiff Gray has a vision disability and a mobility disability, which requires her to use a wheelchair. She is the Adventures and Outings Program Coordinator for a non-profit organization. In this position, she plans and attends numerous outings, many of which occur at GGNRA facilities, such as Muir Woods, Marin Headlands and Crissy Field. Plaintiff Gray has experienced and, absent an injunction, will continue to experience access barriers where GGNRA facilities are inaccessible to people with mobility and/or vision disabilities due to the access barriers described herein.

31. Plaintiff Gray has experienced physical barriers along trails throughout GGNRA facilities which have impeded or fully prohibited her travel along those trails. For example, during a trip to Crissy Field, Gray struggled to pass a part of the trail that was covered with sand and dirt and during another trip to Marin Headlands, she skidded down an extremely steep, gravel path near the Visitor's Center. Access barriers, such as unstable surfaces and excessive slopes, are both frustrating and hazardous as they can cause a wheelchair to tip over or skid out of control.

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

7

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

32. Plaintiff Gray has also experienced sensory barriers at GGNRA supporting facilities and along GGNRA trails. At Crissy Field, she was unable to access informational materials, such as maps and the activities schedule, because they were not provided in alternative formats. Without access to these types of information materials, she is forced to rely on GGNRA employees, who are often times in short supply or unavailable for assistance. Furthermore, many of the exhibits at the Visitor's Center were inaccessible because they are behind glass. In addition, the educational signs along GGNRA trails lack the tactile resources necessary for Plaintiff Gray to understand the information provided.

33. Plaintiff Gray has also experienced sensory barriers when trying to access information presented in GGNRA exhibits and educational programs. On March 9, 2007 she was unable to access maps and models at the Bay Area Discovery Museum in the Marin Headlands. Despite the fact that the Museum was engaging in a celebration of accessibility, there were no available tactile models of visual exhibits or alternative format maps of the museum to allow people with vision impairments to understand information presented by the museum.

34. Plaintiff Mendoza, who has cerebral palsy, is a cancer survivor, suffered a leg amputation below the knee, and uses a wheelchair, has repeatedly encountered access barriers on paths of travel, insufficient signage indicating accessible travel routs, and inaccessible facilities during his visits to GGNRA headquarters at Fort Mason, and during visits to the Marin Headlands. Plaintiff Mendoza has experienced and, absent an injunction, will continue to experience access barriers where GGNRA facilities are inaccessible to people with mobility disabilities due to the access barriers described herein.

35. Plaintiff Mendoza has experienced physical access barriers along the paths of travel at the GGNRA headquarters building located at Fort Mason and throughout the Fort Mason park. At Fort Mason, Plaintiff Mendoza has repeatedly encountered impassible sidewalk barriers at curb-to-sidewalk ramps and inaccessible uneven paving on both the sidewalks that surround the GGNRA headquarters building and on the sidewalks throughout the park. Plaintiff

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

8

1  Mendoza has also experienced barriers at Fort Mason with regards to Defendants' failure to
2  provide signs that clearly label the locations and routs of accessible paths of travel. The
3  inaccessible curb cuts, uneven sidewalk surfacing, and inadequate signage at Fort Mason have
4  impeded Plaintiff Mendoza's ability to navigate around, move within, and enjoy the Fort Mason
5  facility.

6      36.    Plaintiff Mendoza also experienced inadequate access to restroom facilities at Fort
7  Mason. In order to gain accessible restroom access at the Fort Mason headquarters building, a
8  person with a disability uses an intercom located at the rear entrance to the headquarters building
9  to alert GGNRA staff. When Plaintiff Mendoza tried to access this restroom using the intercom
10 system provided, he was left waiting outside the rear entrance to the building for an extended
11 period of time. In this instance, Plaintiff Mendoza was forced to wait to gain access to the
12 restroom because the GGNRA front desk was not staffed at that time. As a result of this
13 incident, Plaintiff Mendoza contacted GGNRA personnel and verbally lodged a complaint
14 suggesting that Defendants provide an emergency contact for the intercom to expedite and
15 ensure that people with disabilities have access to the accessible restroom in the GGNRA
16 headquarters building at Fort Mason.

17     37.    Plaintiff Mendoza also experienced serious access barriers at the Marin Headlands
18 due to Defendants' failure to provide an accessible restroom at this facility. When visiting the
19 Marin Headlands Visitors' Center, Plaintiff Mendoza was unable to use the non wheelchair
20 accessible restrooms at the Visitors' Center. As a result of the inaccessible restrooms at this
21 facility, Plaintiff Mendoza became unable to control his bladder. Defendants' failure to provide
22 accessible restrooms at the Marin Headlands Visitors' Center caused Plaintiff Mendoza extreme
23 embarrassment and public humiliation. Defendants' continued failure to provide accessible
24 restrooms at this and other GGNRA facilities makes GGNRA facilities inaccessible to Plaintiff
25 Mendoza and similarly situated people with mobility disabilities.

26     38.    Plaintiff Sieck, who has a mobility disability that requires her to use a wheelchair,
27 maintains a website that rates Bay Area parks for accessibility. As a result, she frequently visits
28

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
**Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973**

9

GGNRA facilities, including but not limited to Muir Woods and Marin Headlands. Plaintiff Sieck has experienced and, absent an injunction, will continue to experience GGNRA facilities that are inaccessible to people with mobility disabilities due to the access barriers described herein.

39. Plaintiff Sieck has experienced physical barriers along trails throughout GGNRA facilities, which have impeded or fully prohibited her travel along those trails. During a visit to Muir Woods, abrupt changes in level due to uprooted trees buckling the asphalt path impeded her travel along the main trail. She also experienced significant difficulty accessing the trail at Old Battery Road and Bunker Road because the pedestrian pass-throughs at the beginning and end of the trail contained deep ruts due to erosion. She was only able to access this trail with the assistance of her non-disabled husband. Access barriers, such as uprooted paths and deep ruts, are both frustrating and hazardous as they can cause a wheelchair to tip.

40. Plaintiff Sutton, who is blind and uses a cane to assist with mobility, has experienced numerous sensory barriers and related difficulties at GGNRA facilities. For example, on August 5, 2008, Sutton went to China Beach with two sighted friends. When he was with his friends, they guided him around the trails and beach. He also tried to hike on a trail by himself, but it was difficult for him to follow because the edges of the trail were indistinguishable from the adjacent hillside. He was afraid he would get lost if he continued, so he decided to walk on the trails only with his friends to guide him. Also, there were no Braille signs, maps, or other information about the park in alternate formats that were accessible to him. Sutton returned to China Beach by himself in July 2009 and tried again to hike on the trails, but he experienced the same barriers as on his prior visit.

41. Plaintiff Sutton visited Muir Woods with two friends in or around 2008. The absence of any Braille signage on the trails prevented him from fully experiencing the facilities there. Only if his friends described something to him did he know what was there. He also went to the Visitors Center at Muir Woods and found little there available for a blind visitor. The exhibits in the Visitors Center were behind glass, and there were no tactile or auditory exhibits.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

42. Plaintiff Sutton patronizes businesses located in the buildings at Fort Mason. He has had difficulty accessing such buildings because of the absence of accessible signs, maps, or other tools that might serve to orient a visually disabled person in the large parking areas in front of the buildings. He has become lost crossing through the parking areas on three to four visits to Fort Mason, as recently as April 2010, and had to ask passersby where he was in order to know which direction to go. He also finds that the absence of pedestrian paths detectible to a blind individual through and/or around the large parking areas is dangerous because of the vehicles traveling through the lot. These and other barriers Sutton experiences at GGNRA facilities are frustrating and annoying to him.

43. Plaintiff CCB has members who reside throughout the State of California and who have used, and will continue to use, GGNRA facilities and who have encountered and will continue to encounter the various types of access barriers described herein. These barriers cause frustration and anxiety and require CCB members to expend substantially more effort than would be required if GGNRA facilities were accessible.

## CLASS ALLEGATIONS

44. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the named Plaintiffs seek injunctive and declaratory relief on their own behalf and on behalf of all persons similarly situated. The class the named Plaintiffs seek to represent is composed of all persons with mobility and/or vision disabilities who use and/or will use GGNRA facilities. The class claims asserted herein are solely for injunctive and declaratory relief for the class.

45. The persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

46. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that they, or their members, have been and continue to be denied their civil rights to access and use and enjoy GGNRA programs and

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

11

facilities due to the lack of access required by law for persons with vision and/or mobility disabilities.

47. Common questions of law and fact predominate, including questions raised by Plaintiffs' allegations that Defendants have failed to provide program access to GGNRA programs, services and facilities.

48. Claims of the named Plaintiffs are typical of the claims of the class as a whole because the named Plaintiffs are similarly affected by Defendants' failure to provide access to GGNRA programs, services and facilities.

49. The named Plaintiffs are adequate class representatives because they are directly impacted by Defendants' failure to provide program access to GGNRA programs, services and facilities. The interests of the named Plaintiffs are not antagonistic to, or in conflict with, the interests of the class as a whole. The attorneys representing the class are experienced in class action institutional reform litigation.

50. Defendants have acted and/or failed to act on grounds generally applicable to the class, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole.

## STATUTORY AND REGULATORY FRAMEWORK

51. Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or under any program or activity conducted by an Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a).

52. An "individual with a disability" is defined under the statute, in pertinent part, as "an individual who has a physical or mental impairment which substantially limits one or more of such person's major life activities." 29 U.S.C. § 705(20)(A).

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

12

53. Section 504 requires the head of every executive agency to promulgate regulations as shall be necessary to carry out the Act. 29 U.S.C. § 794(a).

54. The Department of Interior Section 504 regulations provide that "no qualified handicapped person shall, on the basis of handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activity conducted by the agency." 43 C.F.R. § 17.530(a).

55. These regulations define "discrimination" to prohibit GGNRA, in providing any aid, benefit or service, from directly or through contractual, licensing, or other arrangements, on the basis of handicap, from:

a. "Deny[ing] a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service," 43 C.F.R. § 17.530(b)(1)(i); *see also* 43 C.F.R. § 17.203(b)(i);

b. "Afford[ing] a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," 43 C.F.R. § 17.530(b)(1)(ii); *see also* 43 C.F.R. § 17.203(b)(1)(ii);

c. "Provid[ing] a qualified handicapped person with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others," 43 C.F.R. § 17.530(b)(1)(iii); *see also* 43 C.F.R. § 17.203(b)(1)(iii);

d. "Provid[ing] different or separate aids, benefits or services to handicapped persons or to any class of handicapped persons than is provided to others unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others," 43 C.F.R. § 17.530(b)(1)(iv); *see also* 43 C.F.R. § 17.203(b)(1)(iv);

e. "Otherwise limiting a qualified handicapped person in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service," 43 C.F.R. § 17.203(b)(1)(vii).

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

13

56. These regulations further define discrimination to prohibit GGNRA, directly or through contractual or other arrangements, from "utiliz[ing] criteria or methods of administration the purpose or effect of which would—(i) Subject a qualified handicapped person to discrimination on the basis of handicap, (ii) Defeat or substantially impair accomplishment of the objectives of a program or activity with respect to handicapped persons." 43 C.F.R. § 17.530(b)(2); *see also* 43 C.F.R. § 17.203(b)(4).

57. The regulations require GGNRA to "operate each program or activity so that the program or activity, when viewed in its entirety, is readily accessible to and usable by handicapped persons." 43 C.F.R. § 17.550(a); *see also* 43 C.F.R. §§ 17217(a), 17270(a), (b).

58. For new construction, "[e]ach building or part of a building that is constructed or altered by, on behalf of, or for use of the agency shall be designed, constructed, or altered so as to be readily accessible to and useable by handicapped persons." 43 C.F.R. § 17.551; *see also* 43 C.F.R. § 17218(a), (b).

59. The regulations require the agency to "within one year of the effective date of this part, evaluate, with the assistance of interested persons, including handicapped persons or organizations representing handicapped persons, its current policies and practices, and the effects thereof, that do not or may not meet the requirements of this part, and, to the extent modification of any such policies and practices is required, the agency shall proceed to make the necessary modifications." 43 C.F.R. § 17.510(a); *see also* 43 C.F.R. § 17.205.

60. In the event that structural changes to facilities are necessary to achieve program accessibility, the regulations require the agency to "develop, within six months of the effective date of this part, a transition plan setting forth the steps necessary to complete such changes. The plan shall be developed with the assistance of interested persons, including handicapped persons or organizations representing handicapped persons." 43 C.F.R. § 17.550(d); *see also* 43 C.F.R. § 17.217(e).

//

//

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

14

## FIRST CAUSE OF ACTION

### (Violation of Section 504 of the Rehabilitation Act of 1973)

61. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-60, inclusive.

62. Plaintiffs are informed and believe and thereon allege that all programs and activities described herein are provided at facilities owned and/or maintained by Defendants, or are operated and/or administered by Defendants or their agents.

63. By their actions or inactions in denying Plaintiffs their right to have access to the programs, services and activities offered by Defendants, and discriminating against Plaintiffs solely by reason of their disabilities, Defendants have violated Plaintiffs' rights under Section 504(a) of the Rehabilitation Act of 1973 and the regulations promulgated thereunder.

64. Plaintiffs have no adequate remedy at law and unless the relief requested herein is granted, Plaintiffs will suffer irreparable harm in that they will continue to be discriminated against and denied access to the programs, services and activities of GGNRA parks. Consequently, Plaintiffs are entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment as follows:

1. An order enjoining Defendants from violating Section 504(a) of the Rehabilitation Act;

2. A declaration that GGNRA is being operated in a manner that discriminates against persons with mobility and/or vision disabilities and that fails to provide access for persons with disabilities as required by law;

//

//

//

---

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973

15

3. Plaintiffs' reasonable attorneys' fees and costs;

4. Such other and further relief as the Court deems just and proper.

DATED: September 28, 2010

DISABILITY RIGHTS ADVOCATES

By: *Ronald Elsberry / RB*

Ronald Elsberry
Attorneys for Plaintiffs

---

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Gray, et. al. v. Golden Gate National Recreational Area, et. al.*, Case No. C-08-0722 EDL
**Third Amended Class Action Complaint for Violation of Civil Rights: Section 504 of the Rehabilitation Act of 1973**

16